IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **NEXUS DISPLAY TECHNOLOGIES LLC,** § § | |
| **Plaintiff,** § § | **Civil Action No: 3:15-cv-02918** |
| v. § § | |
| **STMICROELECTRONICS, INC.** § § | |
| **Defendant.** § | |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND FOR CONTEMPT

Nexus Display Technologies LLC ("Nexus") files this motion pursuant to Federal Rules of Civil Procedure 37 and 45 to compel STMicroelectronics, Inc.'s ("STMicro") compliance with a subpoena and for contempt and respectfully shows as follows.

### BACKGROUND

Nexus is the plaintiff in a patent infringement case pending in the Eastern District of Texas. (Ex. A, Complaint at A1–9.) Nexus has sued numerous defendants for infringing four patents that it owns related to DisplayPort, a digital interface standard. After several case consolidations and settlements, the only two defendants remaining in the action underlying the subpoena at issue are Dell and Lenovo. STMicro is a third-party that manufactures semiconductor chips, and its U.S. headquarters are located in Coppell, Texas. STMicro creates semiconductor chips for use in products that are compliant with DisplayPort. Several Dell and Lenovo products incorporating STMicro's chips are at issue in the patent infringement case in the Eastern District.

1

On July, 8 2015, Nexus served STMicro with a Subpoena Duces Tecum and Notice of Deposition ("Subpoena"), naming Dallas, Texas as the place of compliance. (Ex. B, Subpoena A10–45; Ex. C, Proof of Service A46–47.) The Subpoena noticed a deposition of STMicro's corporate representative to occur on August 5, 2015. (Ex. B, Subpoena A10–45.) STMicro subsequently served objections to the Subpoena. (Ex. D, STMicro Objections A48–70.) Subsequent to these objections, Nexus reached out to STMicro to determine if the parties could agree to a narrower scope of discovery, given that the majority of STMicro's objections were overbreadth, relevance, and undue burden. (Ex. E, Email Correspondence Regarding Subpoena A71–78.) In an effort to ease the purported "burden" on STMicro, Nexus agreed to narrow the scope of the document requests to four discrete categories and nine products. (*Id.* at A74–76.) Moreover, Nexus remains willing to discuss foregoing the deposition in exchange for a declaration that confirms compliance with the DisplayPort standard and authenticates any responsive documents. After Nexus indicated that it was only seeking a limited universe of documents, STMicro delayed complying with the subpoena by responding with additional objections. (*Id.* at A73–74.) Nexus addressed these objections on the same day that they were received, but STMicro has ceased all communications since then, despite attempts by Nexus to reach STMicro via phone and e-mail. (*Id.* at A72.) Because STMicro refuses to comply with the Subpoena, Nexus has no choice but to file this motion to compel and for contempt.

## ARGUMENT

The Court should compel STMicro to comply with the Subpoena and hold them in contempt for failing to respond. Nexus continues to be willing to narrow the scope of the Subpoena. Specifically, Nexus requests that STMicro produce the following documents, along with a corporate representative regarding the same:

1. Printed Circuit Board (PCB) schematics for DisplayPort connector chip
2. Datasheets, user manuals, and source code
3. Communications with and submissions to third party testing centers certified by the Video Electronics Standards Association ("VESA")
4. Communications with VESA that relate to the DisplayPort Compliance Program.

(*Id.* at A74.)  Nexus further narrowed the scope of production by providing STMicro with a list of only nine of its products about which it sought the information described in the topics above. (*Id.* at A75–76.)

This requested information is highly relevant to Nexus's patent infringement litigation in the Eastern District of Texas.  STMicro manufactures and sells semiconductor chips that comply with the DisplayPort standard.  The defendants in the underlying patent infringement case use STMicro's chips in some of the Accused Products.  Defendants in the patent case contend that for Nexus to demonstrate infringement it is not enough for Nexus to show that the Accused Products comply with the DisplayPort standard; rather, Nexus has to take the additional step of showing that the relevant chips implement the accused functionality.  (Ex. F, Lenovo Letter Brief at A81 ("NDT has failed to provide any evidence of infringement with respect to the accused Lenovo products that incorporate third-party chip products, nor has NDT sought leave to add contentions . . . for the third-party chipsets that contain the allegedly infringing functionality.").)  Information regarding the inner-workings of STMicro's chips cannot be readily obtained from any other source.

STMicro's objections to producing this information are unfounded.  STMicro's chief objections appear to be that producing responsive documents would be unduly burdensome; however, this argument fails due to the fact that Nexus has limited its requests to four topics and

only nine STMicro products. Moreover, Nexus remains willing to narrow its requests to the specific functionality at issue. (Ex. E, Email Correspondence Regarding Subpoena at A74 ("One particular thing that we need information about is the circuitry in the listed chips that generates control signals for the de-multiplexors.").) To the extent that STMicro has concerns regarding confidentiality, there is a protective order in place in the Eastern District of Texas that grants STMicro the option of designating documents "Restricted — Outside Attorneys' Eyes Only." (Ex. B, Subpoena at A22–45.) Notably, other third-party suppliers, such as NVIDIA and Intel, have produced documents in response to Nexus subpoenas asking for the same types of information. As a result, STMicro does not have any valid objections to producing the requested information.

In addition to compelling compliance with the Subpoena, the Court should also hold STMicro in contempt for failing to respond to the Subpoena. Federal Rule of Civil Procedure 45(g) provides that the court "may hold in contempt a person who, having been served, failed without adequate excuse to obey the subpoena." Here, Nexus agreed to dramatically narrow its documents requests to four specific categories for nine products. (Ex. E, Email Correspondence Regarding Subpoena at A74–76.) However, nearly two months after the Subpoena was served, STMicro has still not produced or agreed to produce any documents. As such, STMicro failed to comply with the Subpoena and should be held in contempt.

## CONCLUSION

For these reasons, the Court should compel STMicro to produce documents responsive to the categories listed herein, and produce a corporate representative for deposition on these same categories, in accordance with the Subpoena. The Court should also hold STMicro in contempt for its failure to comply with the Subpoena.

Dated: September 7, 2015

Respectfully submitted,

 */s/ Amir Alavi*
 Amir Alavi
Texas State Bar No. 22251650
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI, AND MENSING, P.C.
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
aalavi@azalaw.com

**ATTORNEY-IN-CHARGE FOR NEXUS DISPLAY TECHNOLOGIES LLC**

**CERTIFICATE OF CONFERENCE**

It has been ten days since Nexus notified STMicro that it will be forced to file a motion to compel unless STMicro agrees to comply with the subpoena, and Nexus has still not received any communication from STMicro. I certify that I have made multiple efforts to confer with counsel for STMicro regarding the relief sought in this motion, but a conference has not been held. Thus, the motion is presumed to be opposed.

 */s/ Justin Chen*
 Justin Chen

# CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing document on the following counsel on September 7, 2015.

Kimball R Anderson
Anthony DeMarco Pesce
Kathleen B Barry
Winston & Strawn – Chicago
35 W Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5858
Fax: (312) 558-5700
Email: kanderson@winston.com
Email: apesce@winston.com
Email: kbarry@winston.com

Deron R Dacus
Shannon Marie Dacus
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 9037051117
Email: ddacus@dacusfirm.com
Email: sdacus@dacusfirm.com

Jude James Andre
Winston & Strawn LLP - Houston
1111 Louisiana Street
25th Floor
Houston, TX 77002-5242
Telephone : (713) 651-2715
Fax: (713) 651-2700
Email: jandre@winston.com

*Attorneys for Defendant Dell Inc.*

Fred Irvin Williams
Akin Gump Strauss Hauer & Feld LLP-Austin
600 Congress Avenue
Suite 1350
Austin, TX 78701-3911
Telephone: (512) 499-6200
Fax: (512) 499-6290
Email: fwilliams@akingump.com

Eric Joseph Klein
Akin Gump Strauss Hauer & Feld LLP-Dallas
1700 Pacific Avenue
Suite 4100
Dallas, TX 75201-4675
Telephone: (214) 969-2800
Fax: (214) 969-4343
Email: eklein@akingump.com
Email: lenovoservicenexusdisplay@akingump.com

*Attorneys for Lenovo (United States) Inc.*

Andrew Mayo
STMicroelectronics, Inc.
750 Canyon Drive
Coppell, TX 75019
Telephone: (972) 466-6000
Email: andrew.mayo@st.com

*Attorneys for STMicroelectronics, Inc.*

> */s/ Amir Alavi*
> Amir Alavi

4837-1401-0152, v. 1